IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYRA MONTES,

        Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

CASE NO.  C04-2015-JCC

REPORT AND RECOMMENDATION

REPORT AND RECOMMENDATION

Plaintiff appeals to the District Court from a final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her application for Supplemental Security Income (SSI) disability benefits under Title XVI of the Social Security Act.  For the reasons set forth below, it is recommended that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

        I.    PROCEDURAL HISTORY

Plaintiff Myra Montes filed an application for supplemental security income disability (SSI)

REPORT AND RECOMMENDATION - 1

benefits on October 23, 2001, with a protective filing date of September 19, 2001. Plaintiff alleged disability beginning March 22, 2001 due to back pain, sleep apnea, and dizziness. Tr. 80-84, 91. Her application was denied initially and on reconsideration. Tr. 53-56; 59-61. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). Tr. 62. On July 3, 2003 Montes appeared with counsel Shane Parnell and testified at the hearing before ALJ Arthur Joyner. Tr. 40, 260. Marvin Wolf, M.D., testified as a medical expert, and Leta Berkshire testified as a vocational expert (VE). Tr. 66, 68-72, 317-28, 260-329. On October 6, 2003, the ALJ issued a decision finding Plaintiff not disabled. Tr. 28-40. On August 16, 2004, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 5-8. On August 16, 2004, the Appeals Council denied Plaintiff's request for review. Tr. 5-8. The ALJ's decision thus became the Commissioner's final decision. See 20 C.F.R. §§ 416.1481, 422.210(a)(2004). Montes timely sought judicial review of the Commissioner's final decision in this court pursuant to 42 U.S.C. § 405(g).

## II.   THE PARTIES POSITIONS

Plaintiff filed an opening brief claiming that substantial evidence does not support the ALJ's decision that Plaintiff was not disabled and thus not entitled to Supplemental Security Income under Title XVI of the Act. Plaintiff argues that the ALJ did not give clear and convincing reasons for finding Plaintiff not disabled, and the Court should remand for an award of benefits, or alternatively for further proceedings. Specifically, the Plaintiff argues that the ALJ (1) erred in finding that her combined impairments do not equal any of the listed impairments under the regulations, (2) erroneously evaluated treating physician Dr. Sheahan's opinion, (3) failed to properly evaluate the testimony of Medical Expert Dr. Wolf, (4) failed to clarify Plaintiff's educational level, (5) failed to comply with SSR 00-4p, (6) inhibited cross-examination of the VE by Plaintiff's counsel, and (7) improperly determined that Plaintiff was not credible.

The Commissioner agrees that errors were made in the ALJ's decision, but contends that remand for further proceedings is appropriate, as there are unresolved issues and the current record

REPORT AND RECOMMENDATION - 2

does not require a finding of disability.  The Commissioner urges remand for reevaluation of the nature and severity of Plaintiff's mental impairment; documentation of the ALJ's finding regarding Plaintiff's mental impairment using the special technique described in 20 C.F.R. § 416.920a; explanation of the weight given to Dr. Wolf's testimony; and evaluation of Plaintiff's ability to perform other work and resolve any conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles(DOT) pursuant to Social Security Ruling (SSR) 00-4p.  Thus, the only issue before the Court is whether we should remand for a finding of disability and an award of benefits, as Plaintiff suggests, or remand for further administrative proceedings as urged by the Commissioner.  The Plaintiff contends that if the Court finds further proceedings appropriate, the ALJ should also reevaluate Dr. Sheahan's opinion, and allow proper cross-examination of the Vocational Expert.

### III.   THE SEQUENTIAL EVALUATION PROCESS

The claimant bears the burden of proving that she is disabled.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999).  Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted, or can be expected to last, for a continuous period of not less than 12 months.  42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).

The Social Security regulations set forth a five-step sequential evaluation process for determining whether a claimant is disabled under the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R § 416.920.  At step one, the claimant must establish that he is not engaging in any substantial gainful activity.  *Id*. At step two, the claimant must demonstrate that he has one or more severe impairments.  *Id*. At step three, the Commissioner will determine whether the claimant's impairment meets or equals any of the listed impairments described in the regulations.  *Id*.  At step four, if the claimant's impairment(s) neither meets nor equals one of the listed impairments, the Commissioner will then evaluate the claimant's residual functional capacity (RFC)

REPORT AND RECOMMENDATION - 3

and past relevant work. If claimant is not able to perform her past relevant work, the burden shifts to the Commissioner at step five to identify jobs existing in significant numbers in the national economy that the claimant can perform given her residual functional capacity, age, education, and work experience. Tackett v. Apfel, 180 F.3d 1094, 10100 (9th Cir. 1999). If a claimant is determined to be disabled at any stage of the process, there is no need to consider subsequent steps. *Id*. at 1099.

## IV.   SUMMARY OF THE RECORD AND THE ALJ's DECISION

Plaintiff Myra Montes was 21 years old at the time of her alleged onset date of March 22, 2001. Tr. 81. She was 23 on the date of the ALJ's decision [Tr. 80-81] and was a "younger individual". Tr. 39, F. 8. She completed high school [Tr. 97], taking mostly special education classes. Tr. 121, 265. She can read and write some English. Tr. 90, 97. Montes also speaks Spanish. Tr. 121. The ALJ ruled that Montes has a high school education. Tr. 39. Montes has worked as a childcare attendant, cashier in a fast food restaurant, and fish processor. Tr. 92, 121, 318. From 1997 through 2001, Montes earned $10,105.71, an average of $2,021.14 per year. The ALJ found that Montes did not have past relevant work, and had no transferable skills. Tr. 39.

A.  The Hypothetical and the VE's Testimony

At the hearing, the ALJ proposed a hypothetical to the VE assuming a person of Montes' age, education, and work experience, that could "[l]ift, carry 20, 10. Stand, walk four out of eight in 30-minute increments, meaning that she could work for a period of about 30 minutes and then have to get up and stretch in place at the workstation – not leave the workstation. Sit six out of eight. I got 30 minute increments. Occasional stairs. No ropes or scaffolds. No ladders. No crawl". Tr. 319. In response, the VE stated that Montes might be able to do her past job as a cannery worker, as well as the jobs of photocopying machine operator and collator operator. Tr. 320-21.

//

//

REPORT AND RECOMMENDATION - 4

B.  The ALJ's Findings

Based on an evaluation of the evidence, the ALJ found at step one that Montes had not engaged in substantial gainful activity since her alleged onset date. Tr. 39, F. 1. 20 C.F.R. § 416.920(b) (2004). At step two, the ALJ determined that Montes had a "severe" impairment. Tr. 39, F. 2. 20 C.F.R. § 416.920(c)(2004). At step three, the ALJ found that Montes did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment. Tr. 39, F. 3. 20 C.F.R. § 416.920(d) (2004). After step three, the ALJ made a finding that Plaintiff had the RFC to perform a significant range of light work. Tr. 39, F. 10. 20 C.F.R. § 416.945 (2004). At step four the ALJ determined that Plaintiff did not have past relevant work. Tr. 39, F.7. Using the grids as a framework with vocational expert testimony at step five, the ALJ determined that Montes could perform other jobs existing in the national economy, and was not disabled under the regulations. Tr. 39, F. 11-12.

V.   DISCUSSION

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. Swenson v. Sullivan, 876 F. 2d 683, 689 (9th Cir. 1989). In Varney v. Secretary of HHS, 859 F.2d 1396, 1399 (9th Cir. 1988), the Ninth Circuit held that in cases where the record is fully developed, a remand for further proceedings is unnecessary. Varney, 859 F.2d at 1401. Remand for further proceedings is appropriate when further administrative proceedings could remedy defects. Kail v. Heckler, 722 F. 2d 1496, 1497 (9th Cir. 1984).

Lester states that "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" Lester, 81 F.3d at 834, quoting Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989). In Smolen v. Chater, we established that evidence should be credited and an immediate award of benefits directed when:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such

REPORT AND RECOMMENDATION - 5

> evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d at 1292. [Footnote omitted].

Plaintiff contends that the ALJ did not provide legally sufficient reasons for rejecting Dr. Sheahan's report. The uncontroverted opinion of a treating physician may only be rejected for clear and convincing reasons supported by substantial evidence. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). When that opinion is controverted, an ALJ must give "specific and legitimate" reasons for rejecting the opinion. *Id.*

Plaintiff's treating physician, Dr. James Sheahan, M.D. diagnosed Plaintiff with morbid obesity, probable sleep apnea, panic disorder, polycystic disease, and GERD. Tr. 123. He opined that Plaintiff was severely limited in her ability to perform half-time work due to morbid obesity. Tr. 124. Plaintiff argues that the ALJ implicitly addressed Dr. Sheahan's opinion that Plaintiff could not perform even part-time sedentary work [Plaintiff's Opening Brief at 11, Tr. At 37].

In discounting Dr. Sheahan's opinion, the ALJ stated as follows:

> "While there are opinions in the medical records of the claimant's disabled (sic), none of these are well supported by the objective medical evidence. The claimant is not consistently seeking medical treatment for any one impairment. When she does complain of something, there's often no objective evidence, such as when she reported her legs going numb. The record shows her migraine headaches respond to medication, even though her testimony was otherwise." Tr. 37.

The ALJ failed to give clear and convincing reasons for rejecting Dr. Sheahan's opinion. Plaintiff points to objective clinical findings establishing Plaintiff's obesity and sleep apnea. For instance, the medical record shows that Plaintiff weighed 339 pounds in June 2001. Tr. 123, 154. Dr. Sheahan noted that Plaintiff had "a very narrow airway with very large tonsils, a bull neck and an enlarged tongue." Tr. 154. Dr. Sheahan's opinion is corroborated by the findings of Dr. Sridar Chalaka, M.D. Tr. 133, 138.

Because the ALJ failed to give clear and convincing reasons for rejecting Dr. Sheahan's

REPORT AND RECOMMENDATION - 6

opinion that Montes could not perform even part-time sedentary work, we credit Dr. Sheehan's opinion as true.

While the first requirement under <u>Smolen</u> has been met, outstanding issues remain that must be resolved before a determination of disability can be made. Resolving those issues requires the Commissioner to consider the testimony of Dr. Sheahan and Dr. Wolf, as well as evidence of Plaintiff's mental impairment.

## VI.   CONCLUSION

The Commissioner's final decision is not based on substantial evidence and free of legal error. The Commissioner concedes that errors were made, and there are unresolved issues that require further development. Accordingly, it is recommended that the district court REVERSE and REMAND for further administrative proceedings consistent with this opinion to correct defects in the ALJ's decision.

Accordingly, this case is REMANDED for further administrative proceedings consistent with this opinion.

DATED this 29th day of November, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7